# Supreme Court—General Term—Third Department.

## May, 1885.

## PEOPLE *v.* GRIM.

### LARCENY.—INTENT.

Complainant sold temperance drinks in bottles, to which he retained title, and which, when emptied, were to be returned to him. Defendant was in the habit of obtaining such bottles, and returning them to complainant when the latter called for them, upon payment of two or three cents apiece. After being notified by complainant to cease such traffic, defendant obtained more bottles, and refused to deliver them to complainant unless paid as before. Defendant openly admitted his possession of the property, and asserted his right to hold it. *Held,* that there was not sufficient criminal intent to constitute larceny.

Defendant sought to show that he had obtained the bottles, charged to have been stolen, from customers to whom complainant had disposed of them. *Held,* that the exclusion of such evidence was error.

The intention of § 528 of the Penal Code was not to make every trespass *de bonis* or trover, larceny.

The intent mentioned in that section means a criminal or felonious intent.

APPEAL by defendant, Frederick Grim, from a judgment of the Court of Sessions of Rensselaer county, affirming a judgment of the Police Court of Troy, convicting defendant of petit larceny.

*La Mott W. Rhodes,* district attorney, for the people, respondent.

BOCKES, J.—The defendant was convicted in the Police Court of the city of Troy of petit larceny and sentenced therefor to imprisonment at hard labor for the period of twenty-five days, and to pay a fine of $125, which conviction and sentence were affirmed by the Court of Sessions of Rensselaer county. The

case is now before this court on appeal from such judgment of affirmance.

No point is here made by the appellant's counsel as to the sufficiency or regularity of the preliminary proceedings by which the defendant was brought into court and put upon trial. It is, however, insisted that the police court was without jurisdiction in the case, on the ground that the law (chap. 18, laws 1876) pursuant to which the trial was conducted was, and is, in contravention of section 16, article 3, of the Constitution, which declares that no local bill "shall embrace more than one subject and that shall be embraced in the title," and hence void. Having reached a conclusion that the conviction and judgment must be reversed for another reason, we shall pass this question, in recognition of the rule laid down in People *v.* Brooklyn, Flatbush and Coney Island R. Co., 89 *N. Y.* 75, that it is the duty of the court to determine a Constitutional question only when its consideration is necessary to the disposition of the case. This case will therefore be examined without regard to the constitutional question above referred to.

The defendant was convicted of the offense or crime of petit larceny under the provisions of section 528 of the Penal Code and subsequent sections. By this section it is provided that a person who, with the intent to deprive or defraud the true owner of his property, or of the use and benefit thereof, or to appropriate the same to the use of the taker, or of any other person, either takes from the possession of the true owner, or of any other person; or obtains from such possession by color or aid of fraudulent or false representation or pretense, or of any false token or writing ; or secretes, withholds or appropriates to his own use or that of any other person than that of the true owner, any money, personal property, thing in action, evidence of debt or contract, or article of value of any kind . . . steals such property and is guilty of larceny.

It is claimed that the proof brought the defendant within some or one of those provisions. That proof shows that the complainant, one Toomey, was engaged in the manufacture of beverages known as temperance drinks, which he sold in bottles to dealers, retaining, however, the title to such bottles, which, when emptied, were to be returned to him. Prior to

June, 1884, the defendant had been in the habit of obtaining such bottles and returning them to Toomey when called for by the latter, for which he was paid at the rate of two and three cents apiece. He was then notified by Toomey not to traffic or deal in his bottles any more. Subsequently he obtained more bottles, and when called upon for them by Toomey he refused to deliver them unless paid as theretofore. This Toomey declined to do, and took this proceeding against him for larceny.

On the trial the defendant sought to show that Toomey had in some instances, disposed of his bottles to customers, and that he, defendant, had purchased or obtained the bottles charged to have been stolen, from such customers. This was competent matter of proof to support his claim that he held the property openly and avowedly under a claim of title preferred in good faith. That such defense would be available is declared in the Penal Code, section 448, in case of an indictment for larceny, and the same rule would obtain here as upon an indictment. Indeed, proof that the property was obtained and held in good faith by a party charged with stealing it, would be admissible without such express provision of law, as it would take from the case all criminal intent. Now the defendant, when giving evidence, was asked " Did you buy those bottles that are in dispute here in court from Mr. Ranwoth ?" The question was objected to and excluded. The question was a proper one to be answered. If answered in the affirmative, it would have borne on the question of his good faith in procuring and holding the property. It is urged that other questions of like tendency were excluded ; but in view of this palpable error we need not consider other rulings upon questions of evidence discussed before us by counsel.

There is another point deserving of passing notice. The charge of larceny is in this case based upon the fact either that the defendant took the property from the possession of some one, other than Toomey, the owner (for he did not take it from the latter), or that he secreted, withheld or appropriated it to his own use with intent to deprive or defraud the true owner, Toomey, of the same. The intent here spoken of means criminal intent, or, as it is sometimes called, felonious intent—

*animus furandi.*  This conclusion is fairly inferable from the statute itself : an offense carrying with it, when spoken of, the idea of a wicked inducement to action.  Now an offense punishable by indictment, may be created by statute having in it no other circumstance of wrong beyond a mere breach of the law, in which case a criminal purpose or intent does not enter into the offense as an element of guilt.  This subject is elaborately considered an authority in Halstead *v.* State, 12 *Vroom* (44 *N. J. L.*) 552, in an opinion by Chief Justice BEASLEY, to which attention is commended, and where the rule applicable to this case is especially noted : a case where, from the language of the law, the purpose to require the existence of intent can be discovered.  The purpose of section 528, above cited, was not to make every case of trespass *de bonis*, or trover, larceny.  It was doubtless intended to change the former general rule of law that the crime of larceny necessitated a trespass.  But it does not obviate the need of establishing by proof a criminal intent as an element of the crime of larceny. To constitute larceny, the property must be taken feloniously or be secreted, withheld or appropriated with felonious—that is, criminal intent.  In this case, the defendant did not deny that he had the property ; on the contrary, he admitted his possession of it and openly asserted his right to hold it.  It does not appear that he concealed it or withheld it under any false assertion in regard to it, or that he had appropriated it to his own use, otherwise than by asserting a right to retain it.  That the property was in a cellar and that it was obtained under a search warrant, goes but little way towards establishing a criminal intent in refusing to deliver it, as it does not appear that the cellar was not a proper and reasonable place for its storage; nor does it appear that a search warrant was necessary to the complainant in order to obtain it.  The proof shows a case of demand and refusal to deliver, a case of trover, and little, if anything, beyond this in a legal sense.  We are not prepared to hold against all reasonable doubt of the fact, that the crime of larceny was here proved to exist.  The conviction and judgment must be reversed.

LEARNED, P. J., and LANDON, J., concur.